UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RICKEY JACKSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:06CV00143 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Rickey Jackson, a federal prisoner currently confined at the United States Penitentiary located in Terre Haute, Indiana (USP-Penitentiary), to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1].

**Background**

Movant was convicted in this Court of conspiracy to distribute cocaine base and sentenced to life imprisonment. See United States v. Jackson, No. 1:98CR39(ERW) (E.D. Mo.). Movant's convictions and sentences were affirmed by the Eighth Circuit Court of Appeals. See United States v. Jackson, No. 99-1957EMCG (8th Cir., November 22, 1999).

On September 12, 2000, movant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See Jackson v. United States, No. 1:00CV108(ERW) (E.D. Mo.). The motion was denied on April 9, 2001. Id. Movant was denied a certificate of appealability by the Eighth Circuit Court of

Appeals. Jackson v. United States, No. 01-2226 (8th Cir. September 10, 2001).

Movant attempted to file a second or successive § 2255 motion with this Court on February 11, 2005. Jackson v. United States, 1:05CV32(ERW) (E.D. Mo.). This action was transferred to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. Id. The Eighth Circuit denied movant authorization to file a successive habeas application with this Court. Jackson v. United States, No. 05-1881 (8th Cir. July 26, 2005).

**The motion**

In the instant action, movant claims that he was denied effective assistance of counsel at trial and that the Court did not allow him his "counsel of choice."

**Discussion**

As noted above, the instant motion is, at least, movant's third motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 to provide that a "second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals" to contain either newly discovered evidence or "a new

---

[1] Movant has attempted to file other types of actions - such as a petition for a writ of mandamus - which this Court has construed as seeking relief pursuant to § 2255. See e.g. Jackson v. United States, No. 1:06CV85(ERW) (E.D. Mo.).

rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." As noted above, movant has not received permission to bring a second or successive § 2255 motion in this Court. Therefore, the instant action must be denied.

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DENIED**.

An appropriate order will accompany this memorandum and order.

So Ordered this 17th Day of October, 2006.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**